**JIN HUA WU, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION Services, Respondent.**

No. 08–0464–ag.

United States Court of Appeals, Second Circuit.

Oct. 16, 2008.

John Chang, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Kiley L. Kane, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Jin Hua Wu, a native and citizen of the People's Republic of China, seeks review of the January 11, 2008 order of the BIA denying his motion to reopen. *In re Jin Hua Wu,* No. A96 249 011 (B.I.A. Jan. 11, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). Here, we find that the BIA did not abuse its discretion in denying Wu's motion to reopen as untimely. An alien seeking to reopen proceedings must file his motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 C.F.R. § 1003.2(c)(2). There is no dispute that Wu's August 2007 motion to reopen was untimely where the BIA issued a final order in July 2005.

Moreover, the BIA did not abuse its discretion in concluding that Wu's ineffective assistance of counsel claim did not excuse the untimeliness of his motion where Wu failed to demonstrate that he was prejudiced by counsel's purportedly ineffective assistance, particularly in light of *In Re J–S–,* 24 I. & N. Dec. 520 (A.G. 2008), or that he exercised due diligence in pursuing his claim for the two years he took to find new counsel.* *See Cekic v.*

---

* The government argues that we lack jurisdiction to consider Wu's argument that he did not learn of his former counsel's ineffective assistance before hiring a new attorney. However, Wu's failure to exhaust this particular argument implicates judicially imposed exhaustion requirements, which are mandatory but not jurisdictional. *See Lin Zhong v.*

*INS,* 435 F.3d 167, 171 (2d Cir.2006); *Rabiu v. INS,* 41 F.3d 879, 882–83 (2d Cir. 1994). Additionally, Wu does not challenge the BIA's decision insofar as it found that he failed to demonstrate changed country conditions excusing the time limitation for filing his motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

*U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). Regardless, we decline to consider this argument because Wu failed to raise it before the BIA. *Id.* at 107 n. 1 ("If the government points out to the appeals court that an issue relied on before that court by a petitioner was not properly raised below, the court must decline to consider that issue, except in those extraordinary situations in which we have held that such issues can be considered even when exhaustion is a jurisdictional matter." (citation omitted)).